UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MILAS I. STROZIER**, | Case Number 4:10 CV 1351 |
| Plaintiff, | Judge Lesley Wells |
| v. | REPORT AND RECOMMENDATION |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | Magistrate Judge James R. Knepp II |

## Introduction

Plaintiff Miles Strozier seeks judicial review of Defendant Commissioner of Social Security's decision to deny a period of disability insurance benefits and supplemental security income benefits. Defendant has filed a Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies, asserting that the Court lacks jurisdiction. (Doc. 13). Plaintiff did not respond, but filed a Motion for Remand (Doc. 14), to which Defendant responded (Doc. 15).

This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). For the reasons stated below, the undersigned recommends Defendant's Motion to Dismiss be granted and Plaintiff's Motion to Remand be denied.

## Procedural Background

On January 30, 2007, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income benefits. (Doc. 13-1, at 2). The application was denied both initially and on reconsideration. (*Id.*). On March 13, 2008, Plaintiff filed a request

for a hearing. (*Id.* at 5-6). The hearing request listed his address as: 402 Gator Drive, Latana, FL 33462 (Gator Drive address).

On September 11, 2008, an Administrative Law Judge (ALJ) from the Social Security Administration's Office of Disability and Adjudication and Review mailed Plaintiff a "Notice of Hearing" scheduled for October 10, 2008. (*Id.* at 7-11). The notice explained the procedures for requesting a change in the time or place of the hearing and a reminder that failure to appear at the hearing could result in dismissal. The notice was mailed to Plaintiff at the Gator Drive address. Plaintiff did not return the enclosed "Acknowledgment of Receipt (Notice of Hearing)" form. (Doc. 13-1, at 3).

On October 8, 2008, Plaintiff's representative faxed a letter to the Office of Disability Adjudication and Review stating he was unable to locate his client and was withdrawing from representation. (*Id.* at 12). The letter indicates a copy was also mailed to Plaintiff at the Gator Drive address (with "Apt. A" appended).

On October 23, 2008, the ALJ sent Plaintiff a "Notice to Show Cause For Failure to Appear" at the October 10, 2008 hearing. (*Id.* at 13-14). This was also mailed to the Gator Drive address. On November 20, 2008, the Postal Service returned the notice marked unclaimed, return to sender, and unable to forward. (*Id.* at 15).

On March 3, 2009, the ALJ issued a notice and order dismissing Plaintiff's request for a hearing due to his failure to appear. (*Id.* at 16-19). The ALJ's order recounted the time line of his attempts to contact Plaintiff and stated that he "considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds there is no good cause for the claimant's failure to appear at the time and place of hearing." (*Id.* at 19). This was also mailed to the Gator Drive address.

On April 13, 2009, Plaintiff filed a timely "Request for Review of Hearing Decision/Order." (*Id.* at 20). In it, he stated: "I am disabled. My hearing got cancelled because I now live in Ohio. The hearing should have just been moved to Ohio." (*Id.*). Plaintiff listed his address as: 624 Elmwood Street, Struthers, OH 44471. The request for review form stated: "If you have additional evidence, submit it with this request for review . . . If you neither submit evidence or legal argument now or within any extension of time the Appeals Council grants, the Appeals Council will take its action based on the evidence of record." (*Id.*).

On April 28, 2010, the Appeals Council denied Plaintiff's request for review, stating: "We have found no reason under our rules to review the Administrative Law Judge's dismissal." (*Id.* at 21-22).

Plaintiff filed the instant case on June 17, 2010. (Doc. 1).

**Jurisdiction**

*Final Decision*

Under 42 U.S.C. § 405(g), the district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party". By limiting review to "final decision[s]", the Social Security Act requires administrative exhaustion of remedies. 42 U.S.C. § 405(h). Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

3

*See also Buchanan v. Apfel*, 249 F.3d 485, 489 (6th Cir. 2001) ("Section 405(h) governs the '[f]inality of the Commissioner's decision' on claims arising under the Social Security Act, channeling them through the review procedures provided in § 405(g).").

The Commissioner has the authority to determine at what point his decisions become final and subject to review. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) ("The term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." (citing 42 U.S.C. § 405(a))).

The applicable regulations describe the nature of the administrative review process: "If [a claimant is] dissatisfied with [the Commissioner's decision] in the review process, but do[es] not take the next step within the stated time period, [the claimant] will lose [his] right to further administrative review *and [his or her] right to judicial review*, unless [he] can show [the Commissioner] that there was good cause for [his] failure to make a timely request for review." 20 C.F.R. §§ 404.900(b); 416.1400(b) (emphasis added).

The regulations provide a four-step review procedure. First, a claimant receives an initial determination. 20 C.F.R. §§ 404.902; 416.1402. Second, the claimant may ask for reconsideration of that decision. *Id.* §§ 404.907; 416.1407. Third, the claimant may request a hearing before an ALJ. *Id.* §§ 404.929; 416.1429. Fourth, the claimant may request the Appeals Council review the hearing decision. *Id.* §§ 404.967; 416.1467. The Appeals Council may allow the ALJ's decision to remain the final decision of the Commissioner, or grant review and issue its own decision. *Id.* §§ 404.981; 416.1481. The regulations provide that the dismissal of a request for hearing is binding on the parties unless the next level of review is involved. 20 C.F.R. §§ 404.959; 416.1459 ("The dismissal

of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council.").

The Sixth Circuit has held that the dismissal of a hearing request is not within the jurisdictional purview of § 405(g) absent a colorable constitutional claim. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (rejecting jurisdiction over an appeal from a denial of a hearing request for untimely filing). Other circuit courts have specifically held dismissal of a hearing request because a claimant failed to appear is not a final decision over which district courts have jurisdiction. *Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010) ("Thus when, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal.") (citing *Brandyburg v. Sullivan*, 959 F.2d 555, 558-62 (5th Cir. 1992); *Doe v. Sec'y of Health & Human Servs.*, 744 F.2d 3, 4-5 (1st Cir. 1984)).

Plaintiff did not appear for his administrative hearing, and the ALJ dismissed his request for a hearing, finding he had not shown good cause for his failure to appear. The Appeals Council declined to review the decision. Consequently, there is no "final decision . . . made after a hearing", 42 U.S.C. § 405(g), for this Court to review and the Court lacks jurisdiction unless Plaintiff can show a colorable constitutional claim. *See Hilmes*, 983 F.2d at 70; *Kiiker*, 364 F. App'x at 409.

*Constitutional Claim*

Plaintiff did not respond to Defendant's Motion to Dismiss, but rather filed a "Motion for Remand" that reads, in its entirety:

> Undersigned counsel hereby moves this Honorable Court to remand this case to the Defendant Secretary for an administrative hearing on the merits so that the Plaintiff can have a face-to-face hearing on his claim for Disability benefits.

5

> In support of said Motion, counsel attaches the Affidavit of Milas Strozier filed contemporaneously herewith.

(Doc. 14, at 1). In the attached affidavit, Plaintiff asserts that he told his Florida attorney that he had moved to Ohio and asked him to cancel the upcoming hearing (though he does not provide dates). (Doc. 14, at 2). He asserts that the attorney "said that he would take care of it" and later told Plaintiff "that he had the hearing changed from Florida to Ohio and told [Plaintiff] that they had the hearing." (*Id.*). He states: "I only became aware that my case had been dismissed in Florida when I went to the Youngstown, Ohio, District Office" and "[a]t all times my Florida attorney, had my address and correct phone number either in Florida and/or in Struthers, Ohio." (*Id.*).

Although not briefed as such, out of an abundance of caution the Court will construe these assertions as an attempt to make a due process notice challenge to the procedures used in dismissing Plaintiff's hearing. A constitutional challenge to the Commissioner's procedures is a recognized exception to the rule that a district court is without jurisdiction to hear an appeal from a dismissal in the absence of a final decision. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."); *Hilmes*, 983 F.2d at 70.

A procedural due process claims asserts that although the deprivation of a constitutionally-protected interest in "life, liberty, or property" may not itself have been unconstitutional, the procedure by which the deprivation was effected was unconstitutional. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981). A claimant has some protected property interest in Social Security benefits. *See Richardson v. Perales*, 402 U.S. 389, 401-03 (1972). To determine whether there has been a constitutional violation, the Court must determine "what process was provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "This inquiry . . .

6

examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by . . . law." *Id.* In making this determination, courts weigh several factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Plaintiff does not specify what additional process was required of the Commissioner before depriving him of a hearing or further adjudication of his claim. The ALJ mailed notices – scheduling the hearing, ordering Plaintiff to show cause, and ultimately dismissing the case – to Plaintiff at the address he had provided. Plaintiff's affidavit is notable for what it does *not* assert. Plaintiff does not assert that the address to which the ALJ mailed notifications was incorrect. Plaintiff does not assert that he did not receive the original hearing notice (in fact, Plaintiff admits he was aware of the hearing, at least from his attorney's notification). Although Plaintiff asserts that his Florida attorney had his address and phone number, he does not assert that he provided any change of address information to the Commissioner. Instead, Plaintiff's affidavit primarily takes issue with communications with his attorney, rather than challenging the notice provided by the Commissioner.[1]

---

[1] Although a claimant has a statutory right to counsel at Social Security proceedings, *see* 42 U.S.C. §§ 406(c) & 1382(d), there is no constitutional right to counsel at such proceedings, *see, e.g.*, *Brandyburg*, 959 F.2d at 562 ("The Supreme Court has never recognized a constitutional right to counsel at an SSA hearing."). Thus, Plaintiff cannot assert ineffective assistance of counsel as a constitutional claim to avoid the jurisdictional bar.

Additionally, Plaintiff did have notice of the ALJ's dismissal order at some point during the time permitted for an appeal, because he filed a timely appeal of that decision slightly over a month after it was issued. (Doc. 13-1, at 20). Although the request for review Plaintiff filled out stated that additional evidence could be submitted, Plaintiff simply stated: "I am disabled. My hearing got cancelled because I now live in Ohio. The hearing should have just been moved to Ohio." (*Id.*). Plaintiff did not claim to the Appeals Council that he did not have notice of the hearing or provide any of the details his affidavit now provides.

Therefore, Plaintiff has failed to provide a colorable due process constitutional claim sufficient to vest this court with jurisdiction. *See, e.g.*, *Irizarry v. Astrue*, 2010 WL 5644703, *3-4 (N.D. Ohio) (finding claimant failed to present colorable constitutional due process claim where Commissioner mailed notifications to address claimant provided, Commissioner contacted Post Office twice to attempt to find alternative addresses, and claimant provided no statement in an affidavit stating he did not actually receive notice).

## Conclusion and Recommendation

Following review of the arguments presented, the record, and applicable law, this Court finds it lacks jurisdiction over Plaintiff's case as Plaintiff did not obtain a "final decision" in the administrative process and Plaintiff does not fall within the "colorable constitutional claim" exception. As such, the Court recommends Defendant's Motion to Dismiss be granted, and Plaintiff's Motion for Remand be denied.

                                                 s/James R. Knepp II    4/4/11
                                                   United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).